UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Frank Coniglio, Jr., et al., | ) | CASE NO.: 5:12CV1773 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| CBC Services, Inc., et al., | ) | |
| | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is a motion to intervene filed by Chesapeake Exploration, LLC and CHK Utica, LLC (collectively "Chesapeake").  Plaintiffs have opposed the motion, and Chesapeake has replied.   The motion is GRANTED.

Plaintiffs Joseph and Frank Coniglio entered into an oil and gas lease with Anschutz Exploration Corporation on December 10, 2008.   Anschutz subsequently assigned that lease to Chesapeake.   In turn, Chesapeake assigned a portion of its rights under the lease to its affiliate Utica.   The lease contains a 16 paragraph addendum, and the parties also entered into a surface use agreement.   Pursuant to these agreements, Chesapeake drilled a well in the fall of 2011 known as the Coniglio 7-14-4 well.   Shortly after completion of the well, a dispute arose between the parties regarding whether Chesapeake had the right to place a pipeline on the Coniglios' property to make the well fully operational.

On March 22, 2012, the Coniglios filed suit as a result of the dispute, seeking injunctive relief to prohibit construction of the pipeline.   The matter was filed in the Carroll County Court of Common Pleas.   The Coniglios, however, did not name Chesapeake or Utica as defendants in the

matter.   Instead, the Coniglios filed suit against CBC Services, Inc. and its principal, Brandon Williams.    CBC was the contractor selected by Chesapeake and Utica to construct the pipeline.

The Coniglios declined to name Chesapeake as a defendant despite have pending litigation in Carroll County against Chesapeake involving the same lease at issue herein.   As a result of not naming Chesapeake, the request for injunctive relief was heard by a trial court judge that recused himself from the first Coniglio lawsuit based upon a conflict as the judge himself has a gas and oil lease with Chesapeake.   That same judge granted the temporary restraining order sought by the Coniglios to halt construction of the pipeline.   Shortly after the temporary restraining order was issued, the matter was removed and Chesapeake and Utica sought to intervene.

Federal Rule of Civil Procedure 24 allows for two types of intervention: intervention of right and permissive intervention. Subsection (a)(2) of the rule provides that a non-party may intervene as "of right" when, "[o]n timely motion," the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). In other words, Rule 24 allows an absentee party to petition for intervention when it "stands to have its interests harmed." *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 670 n.13 (6th Cir. 2004). The Sixth Circuit has held that Rule 24 "should be 'broadly construed in favor of potential intervenors.'" *Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007) (quoting *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991)).

> [Chesapeake] must establish four factors before being entitled to intervene: (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest.

*Granholm*, 501 F.3d at 779 (citing *Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 1999)). Each of the factors must be shown, as the absence of even one will compel the Court to deny the motion. *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)).

Protectable economic and contractual interests are consistently found to be sufficient to warrant intervention under the Sixth Circuit's liberal standard.  *See Karst Environmental Educ. and Protection, Inc. v. Federal Highway Admin.*, 2011 WL 1434608, at *5 (W.D.Ky. Apr. 14, 2011) (citing numerous cases that arise under NEPA); *Deutsche Financial Srvs. Corp. v. Schwartz Homes, Inc.*, 187 F.R.D. 542, 546 (N.D.Ohio 1999) (interest in home purchase contracts sufficient to support intervention).

In the instant matter, there is no dispute that Chesapeake's motion to intervene is timely. Accordingly, the first prong of the Court's analysis is satisfied.

Second, despite the Coniglios' dubious claim that they are uncertain of who holds the lease rights in this matter, the record is abundantly clear that Chesapeake and Utica hold the lease rights. As the Coniglios' entire claim is premised upon an interpretation of those lease rights, the second prong of the Court's analysis is also easily satisfied.

There is also no question that Chesapeake's ability to protect its interest will be impaired absent intervention.   If this Court were to proceed to finality and issue a permanent injunction, it would arguably nullify portions of the lease Chesapeake negotiated, eliminating their ability to enforce those portions.   As such, the third prong is also satisfied.

Finally, the Court also rejects the Coniglios' argument that Chesapeake's rights will be adequately protected by CBC and Williams.

Lastly, the movants must show that the parties before the Court will not adequately represent the movant's interests. The burden for this showing is "'minimal.'"

> *Horrigan*, 1998 WL 246008 at *3 (quoting *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n. 10 (1972)). It is sufficient for the movant to show that another's representation may be inadequate—the movant need not show that representation will in fact be inadequate. *Miller*, 103 F.3d at 1247. For instance, it is enough that the movant shows a party already in the case may make different arguments or pursue different trial tactics. *Id.*

*Id.* at 547.   In the instant matter, Chesapeake has made this showing.   As solely a contractor, CBC and Williams have limited motivation to defend this litigation beyond those limited rights they have through contract with Chesapeake.   In contrast, Chesapeake has much broader rights under the lease documents and furthermore has a long-term relationship with the Coniglios to consider in litigating this matter.   As such, there is near certainty that Chesapeake will litigate the matter substantially differently that CBC and Williams.   As such, the final prong is also satisfied.

The motion to intervene is GRANTED.   Chesapeake Exploration, LLC and CHK Utica, LLC are hereby added as Defendants in this matter.

IT IS SO ORDERED.


July 20, 2012                                                  */s/ John  R  Adams*
                                                                JUDGE JOHN R. ADAMS
                                                                UNITED STATES DISTRICT JUDGE