UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK CONIGLIO, JR., et al., | ) | CASE NO.: 5:12CV1773 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| CBC Services, Inc., et al., | ) | |
| | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is an unopposed motion to vacate filed by Plaintiffs' attorneys, Tzangas Plakas Mannos Ltd.  In the motion, counsel seek to vacate this Court's July 16, 2013 decision (Doc. 99) that granted Defendants' motion for attorneys' fees and costs.  The motion is DENIED.

The motion to vacate raises no legal or factual argument that suggests any error in the Court's prior decision.   Rather, the motion to vacate suggests that counsel seek to appeal the order finding that fees were warranted and therefore request that the Court enter an award of One Dollar ($1.00) to allow the matter to proceed to appeal.  However, subsequent to the motion to vacate, the parties jointly informed the Court via email (attached as Exhibit A) that "they have arrived at an agreed-upon amount of fees and costs to be paid by Tzangas Plakas Mannos, Ltd. in connection with the Fees Order (Doc. 99)."   Accordingly, the issue of the amount of fees to be awarded is MOOT and the Court declines to enter any award with respect to its fee order.

Moreover, while discussed in the appellate context, the United States Supreme Court has held that "[w]here mootness results from settlement, however, the losing party has voluntarily

forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur." *U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership*, 513 U.S. 18, 25 (1994). This Court finds that the rationale applies equally in the setting before this Court. By voluntarily settling the amount of fees to be awarded, counsel for Plaintiffs have forfeited any right to seek vacatur.

However, as noted above, even if this right were not forfeited, counsel have not offered any argument on *why* forfeiture is warranted herein. As such, the motion fails on its merits as well.

It is also unclear as to why the motion to vacate includes references to "affidavits from former Ohio Supreme Court Justice Andrew Douglas and Richard C. Alkire, Esq., past Chair of the Board of Commissioners on Grievances and Discipline of the Ohio Supreme Court." Both affidavits contain alleged "expert" opinions on whether the conduct engaged in by counsel warranted a fee award. Such opinions on purely legal issues are improper and thus do not provide support for vacating the Court's prior judgment. *See Stoler v. Penn Cent. Transp. Co.*, 583 F.3d 896, 898-99 (6th Cir. 1978) (affirming the trial court's exclusion of expert testimony when witness was "being asked for what amounted to a legal opinion"). These affidavits specifically request legal opinions on the precise issue to be decided by the Court. As such, they are as improper at the motion to vacate stage as they were during the original opposition to the motion.

The motion to vacate is DENIED. The Court finds that no issues remain before it to resolve in this matter. The matter is hereby closed in all respects.

IT IS SO ORDERED.


August 24, 2015         */s/ John R. Adams*
                        JUDGE JOHN R. ADAMS
                        UNITED STATES DISTRICT JUDGE